CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED
for Roanoke
OCT 2 6 2006
JOHN F. CORCORAN, CLERK
BY: M. Hupp
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARK A. MCQUINN, ) | |
| Plaintiff, ) | Civil Action No. 7:06cv00584 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| GENE M. JOHNSON, et al., ) | |
| Defendants. ) | By: Hon. Jackson L. Kiser |
| ) | Senior United States District Judge |

Plaintiff Mark A. McQuinn, a Virginia inmate proceeding pro se, brings this civil rights complaint pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343.[1] Plaintiff alleges that defendants instituted a ninety day water conservation policy which resulted in reduced periods of in-cell running water and toilet flushing opportunities, thereby exposing plaintiff to "unsanitary living conditions" in violation of the Eighth Amendment. Plaintiff further alleges inadequate sanitary conditions in the prison's barber services. Plaintiff also alleges inadequate access to law library material and legal assistance, in violation of the Fourteenth Amendment. Plaintiff seeks punitive and compensatory damages and injunctive relief. Upon review of the record, I conclude that plaintiff has not stated a claim upon which relief can be granted and, therefore, dismiss the complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[2]

I.

McQuinn alleges that, due to a water emergency in Big Stone Gap, Virginia, the Wallens

---

[1] Plaintiff, acting pro se, has requested that his case be "heard with that of Marcus D. Sandidge, plaintiff versus A.D. Robinson, et al." Inasmuch as Mr. Sandidge has not complied with any of the filing requirements, i.e., he has not signed a complaint, particularized any allegations of harm, or provided any statement that he has exhausted of the prison grievance procedure, I decline to include him as a plaintiff in this case.

[2] Section 1915A(b)(1) provides that the court shall dismiss a complaint as soon as practicable if the court determines that it is frivolous, malicious, or fails to state a claim upon which relief may be granted.

Ridge State Prison instituted an intolerable water conservation policy for about ninety days. Specifically, he states that from approximately September 21, 2005 through December 30, 2005, toilet flushing periods were limited to four times per day and running water was limited to four hours per day. He states that showers were limited to five minutes per inmate, three days a week, and that the water was cold. Plaintiff contends that the reduction of running water and flushing opportunities resulted in unsanitary living conditions. He complains that he did not get "at least three quarts of water" a day; that he had to drink fluids other than water, such as milk, tea, and juice; that he had to use his a portion of his drinking water to brush his teeth; and that prisoners were required "to eat their meals with that nasty stuff still in the corner of their eyes [and] dried saliva still on their face[s]." He also argues that inmate kitchen workers were "[un]able to shower before work, creat[ing] an un-sanitary food service." He adds: "Although they could wipe their hands with wipes, it was not enough to satisfy a necessary sanitary need for handling and distributing food." In his view, the "[p]sychological[]" knowledge of "bacteria and . . . germs made it hard to function normally," and the conditions "did not meet the standard of human decency of a maturing society."

Additionally, plaintiff claims that, from February 18, 2003, through January 1, 2006,[3] the prison administration failed "to take precautionary measures over the distribution and usage of barber equipment and supplies" and "fail[ed] to curb the known pattern of not sterilizing and/or providing the necessary equipment to insure inmates a germ free barber service," thus acting with "deliberate indifference" and denying plaintiff "a safe and healthy environment." He alleges that the barber is not "supplied with neck strips . . . to keep the chair clothe [sic] from touching the patron's [sic] skin," has no "equipment to clean the hair off patrons," and that the prison does "not provide a sink

---

[3] Apparently, plaintiff was transferred to Powhatan Correctional Center on the latter date.

2

for the barber to wash their hands each time they service someone." He further alleges that defendants have "failed to hire qualified/trained barbers" and that, "[e]ven if [it is] believed that [defendants] provided all the necessary solutions as required, still there must be a qualified/trained person in barbering to utilize those solutions and/or equipment." In his view, "[t]he inadequate barber or lack of sanitized barber equipment has caused patron's [sic] to have skin rashes and/or irritation of the skin and scalp . . . ."

While the Eighth Amendment does protect prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Therefore, to state a claim of constitutional significance regarding prison conditions, a plaintiff must allege, among other things, facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

Although reduced running water and toilet flushing periods and exposure to excrement odors may be uncomfortable, and while plaintiff may not be satisfied with the operation of the prison's barber services, plaintiff has not demonstrated that, because of those conditions, he sustained a serious or significant injury; rather, he complains merely that this exposure caused him transient discomfort. See Henderson v. Sheahan, 196 F.3d 839, 846 (7th Cir.1999) (holding that the plaintiff failed to allege injuries that were "sufficiently serious to be constitutionally actionable," where the

3

plaintiff stated that his exposure to environmental tobacco smoke resulted in breathing problems, chest pains, dizziness, sinus problems, headaches, and a loss of energy); Oliver v. Deen, 77 F.3d 156, 160 (7th Cir. 1996)(finding that evidence of "considerable" medical treatment for asthma related concerns following exposure to smoke did not establish constitutionally significant injury); Alexander v. Tippah County, Miss., 351 F.3d 626, 631 (5th Cir. 2003)(stating that any injury incurred from vomiting and nausea which was not so severe as to require medical intervention or have lasting health effects, was de minimis).

Plaintiff claims, essentially, that the water conservation policy caused a potential health threat because of the "risk" that bacteria and germs are reproducing in this environment. Moreover, McQuinn admits that he was afforded at least four, five-minute opportunities to wash his hands each day as well as at least three, five-minute showers per week. Although this may be less time than he would like, I find that McQuinn was afforded sufficient opportunity to cleanse himself. Likewise, his complaint regarding his dislike for other fluids, such as milk, tea, or juice, as opposed to water, does not present any claim of a substantial health threat. Most significantly, plaintiff concedes that the water emergency conditions lasted for only ninety days and have been resolved, but he has not alleged anything, regarding either the water emergency or his allegations of improperly operated barber services, which suggest that he, any other inmate, or a correctional officer has since developed any medical malady reasonably attributable to those conditions. In fact, plaintiff concedes that, "[e]ven though the plaintiff(s) can not show any major physical injury inflicted, the fact that they were exposed to un-safe conditions posed an unreasonable risk of serious damage to their health, even if that damage has not yet occurred."

I find that McQuinn has not alleged significant current or future injury with regard to his

4

claims and, therefore, fails to state a claim under the Eighth Amendment. Accordingly, I find these claims must be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

## III.

Plaintiff states that, from February 18, 2003, through January 18, 2006, he was denied meaningful access to legal assistance. In his view, "[t]he right to 'meaningful access' of a convicted felon extends to requiring the states to furnish such prisoners with not only the law library but someone trained in law to aid them . . . ." Plaintiff concedes that the prison has a library for inmate use and provides an institutional attorney. However, he contends that, "due to the fact [that] the institutional attorney] has two major prisons to attend to it is virtually impossible to assist and/or aid so many prisoners meaningfully." Additionally, he states: "[t]here's no one at the prison to explain to the prisoners what it is they are reading and/or what it is they should be reading and looking for"; that the prison library employs no one trained in research; that it takes "over sixty days" to see the attorney; and, when one sees the attorney, "it is for ten minutes and you are handcuffed[,] unable to write down notes."

Reasonable access by prisoners to both state and federal courts is a guaranteed right. Ex parte Hull, 312 U.S. 456 (1941); see Procunier v. Martinez, 416 U.S. 396 (1974). States must affirmatively provide inmates with either law libraries or persons trained in law to prosecute habeas and civil rights claims. See Bounds v. Smith, 430 U.S. 817, 828 (1977). In other words, legal assistance is required only in the absence of access to a law library. In this civil rights case, plaintiff concedes that Wallens Ridge State Prison provides not only a law library, but also provides access to a person trained in law to assist the prisoner. Accordingly, I find that plaintiff fails to state a claim of inadequate access to legal assistance, and dismiss his claim without prejudice pursuant to 28

5

U.S.C. § 1915A(b)(1).

## IV.

Based on the foregoing, I find that McQuinn has not presented any claims that constitute a violation of his constitutional rights. Therefore, I dismiss the complaint without prejudice pursuant to 28 U.S.C. § 1915A(b)(1).

The plaintiff is advised that he may appeal this decision pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure by filing a notice of appeal with this court within 30 days of the date of entry of this Order, or within such extended period as the court may grant pursuant to Rule 4(a)(5).

The Clerk is directed to send certified copies of this memorandum opinion and accompanying order to plaintiff and to counsel of record for the defendants, if known.

**ENTER**: This 26th day of October, 2006.

                                                        /s/ Jackson␣Kiser
                                                       Senior United States District Judge

6

Case 7:06-cv-00584-JLK-mfu    Document 5    Filed 10/26/06    Page 6 of 6    Pageid#: 30